UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RANDY MICHAEL GOYNES**                             **CIVIL ACTION**

**VERSUS**                                                         **NO. 13-5393**

**EDDIE OTIS GOYNES, ET AL.**                    **SECTION "A"(3)**

## REPORT AND RECOMMENDATION

Plaintiff, Randy Michael Goynes, a state inmate, filed this *pro se* and *in forma pauperis* federal civil action. He named various family members as defendants in this matter: his brother, Eddie Otis Goynes; his sister, Phyllis Eileen Ward; and his sister's daughter, Elizabeth Ann Holloway. Although plaintiff's complaint is largely unintelligible, it appears that he is alleging that he sustained damage due to the defendants' actions or omissions in handling his deceased mother's estate.[1]

The court must initially examine the basis for federal subject matter jurisdiction. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999); E.E.O.C. v. Agro Distribution, LLC, 555 F.3d 462, 467 (5th Cir. 2009) (even without an objection to subject matter jurisdiction, a court must consider *sua sponte* whether jurisdiction is proper). Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or

---

[1] With his complaint, plaintiff submitted documents from Probate Court in Dallas County, Texas. It was there that his brother, Eddie, instituted guardianship proceedings after their mother, Tessie Goynes, was declared incapacitated, and then settled her estate proceedings upon her death in 2010. It appears that plaintiff was included in the proceedings as an heir and that he received a portion of funds from the settlement.

treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. §§ 1331 & 1332(a)(1). A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. See Boudreau v. United States, 53 F.3d 81, 82 (5th Cir. 1995).

Plaintiff has failed to allege a cognizable claim arising under federal law. Although he is apparently attempting to assert a civil rights claim under 42 U.S.C. § 1983, that statute simply is not applicable. "Section 1983 creates a private right of action for redressing violations of federal law by those *acting under color of state law*." Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999) (emphasis added).[2] The defendants herein, plaintiff's relatives, were not acting under color of state law even if they, as alleged, somehow misused state statutes to plaintiff's detriment. Simply put, "[p]rivate individuals generally are not considered to act under color of law, *i.e.*, are not considered state actors, and private misuse of a state statute does not describe conduct that can be attributed to the State." Ballard v. Wall, 413 F.3d 510, 518 (5th Cir. 2005) (internal quotation marks omitted). That result is not changed by the fact that plaintiff's brother apparently acted as executor or administrator of his mother's estate in a state probate proceeding, because such an individual does not act under color of state law. Howard v. Hopkins, 228 Fed. App'x 412 (5th Cir. 2007); Dickson

---

[2] Specifically, § 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

v. Hicks, No. 3-10-CV-1789, 2010 WL 4627803, at *1 (N.D. Tex. Oct. 12, 2010) ("Executors and administrators do not act 'under color of state law' by virtue of their role in state probate proceedings."), adopted, 2010 WL 4627742 (N.D. Tex. Nov. 4, 2010). It likewise is not changed by the fact that plaintiff's arrest was apparently instigated by his sister, because the fact that a private citizen may have provided information to the police does not make her a "state actor." Daniel v. Ferguson, 839 F.2d 1124, 1130 (5th Cir. 1988) (private citizen who provides information to police is not a "state actor"); Pleasant v. Carraway, No. 94-10272, 1994 WL 261217, at *1 (5th Cir. June 6, 1994) ("[a] private individual complainant in a criminal prosecution does not act under color of law," even if the police relied upon the individual's sworn complaint in arresting and charging the plaintiff).[3]

There likewise is no basis for federal diversity jurisdiction. "The diversity statute requires 'complete diversity' of citizenship," meaning that "[a] federal court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same citizenship as any one of the defendants." Stiftung v. Plains Marketing, L.P., 603 F.3d 295, 297 (5th Cir. 2010) (internal quotation marks omitted). Plaintiff's proposed complaint does not satisfy the diversity requirement, in that plaintiff is a citizen of Louisiana and two of the defendants, Phyllis Eileen Ward and Elizabeth Ann Holloway, are also alleged to be citizens of Louisiana. The court therefore concludes that federal diversity jurisdiction is not proper. See Garcia v. Koch Oil Co. of Texas, Inc., 351 F.3d 636, 638

---

[3] Of course, "a private individual may act under color of law in certain circumstances, such as when a private person is involved in a conspiracy or participates in joint activity with state actors." Ballard, 413 F.3d at 518. Here, however, there is no allegation conspiracy or joint action with state actors.

3

(5th Cir. 2003) ("The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000.").

For all of the foregoing reasons, the undersigned finds that there is no basis for federal jurisdiction in this proceeding.

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[4]

New Orleans, Louisiana, this twelfth day of September, 2013.

*[signature: Daniel E. Knowles, III]*

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.